IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DEVERICK SCOTT,                                                                   PLAINTIFF
ADC #131042

v.                                5:19CV00101-DPM-JTK

PAMELA COOK                                                     DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Chief Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## I.     Introduction

Plaintiff Deverick Scott, a state inmate incarcerated at the Varner Super Max Unit of the Arkansas Division of Correction (ADC), filed this pro se action pursuant to 42 U.S.C. § 1983, alleging retaliation by Defendant Cook. (Doc. No. 2)

This matter is before the Court on the parties' cross motions for Summary Judgment (Doc. Nos. 17-9, 20-22) They each filed responses (Doc. Nos. 23-24, 25-27).

## II.    Complaint

Plaintiff alleged he destroyed his blanket by setting it on fire on June 6, 2018, and subsequently was charged with a disciplinary and placed on behavioral control. (Doc. No. 2, p. 2) When he was released, he was issued used laundry. (Id.) After Defendant Cook denied his request for new laundry, he filed a grievance stating that he set his laundry on fire, that the replacement laundry he received was mildewed, and that Defendant refused to issue him new laundry. (Id.) Defendant responded to the grievance by stating that she would replace his items but would take disciplinary action against him. (Id., p. 3) Plaintiff further alleged Defendant Cook then wrote

2

Plaintiff a disciplinary on September 24, 2018, in retaliation for the grievance he filed, noting that she saw during her investigation that Plaintiff already received a written disciplinary on June 6, 2018 for setting fire to his cell. (Id.) Plaintiff also claimed Cook falsified her disciplinary report when she stated Plaintiff burned up other laundry, even though he only destroyed his blanket. (Id.) Plaintiff's second disciplinary was dismissed because of the previous disciplinary charge, and Plaintiff claimed Defendant's actions violated his First Amendment right to use the inmate grievance procedure and caused him emotional and mental distress and physical injuries. (Id., p. 4)

## III. Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A. Official Capacity

The Court initially agrees with Defendant that Plaintiff's monetary claims against her in her official capacity should be dismissed, based on sovereign immunity. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 64-66 (1989), and Brown v. Missouri Dep't of Corrections, 353 F.3d 1038, 1041 (8th Cir. 2004)

B.  **Individual Capacity**

Plaintiff moves for summary judgment, stating that Defendant clearly wrote the September 24, 2018 disciplinary charge against him in retaliation for the grievance he filed about his laundry, knowing he previously was charged for the June 6, 2018 incident. In response, Defendant asks the Court to dismiss Plaintiff's claims against her in her individual capacity, based on qualified immunity, which protects officials who act in an objectively reasonable manner.

Qualified immunity It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact.  McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005).  Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendant is entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her

4

actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[1] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

According to the mostly undisputed facts, Plaintiff set fire to his cell on June 6, 2018. (Doc. No. 18, p. 6) Officer Marquis Taylor charged Plaintiff with destruction of property, unauthorized use of state property, and setting a fire. (Id.) Plaintiff stated he served time in behavioral control and when he was released, he received replacement property which was mildewed, because the inmates working in the laundry area did not allow the laundry to properly dry. When Defendant Cook denied his request for "new" items, he filed a grievance on September 18, 2018. (Doc. No. 8) Cook then responded that she would replace the items but that disciplinary action would be taken for the destroyed property. (Id.) Cook filed a disciplinary against Plaintiff on September 24, 2018 and charged him with unauthorized use of state property, destruction of property, and setting a fire, and noted the monetary charges for the destroyed property. (Id., p. 9) Plaintiff grieved that disciplinary, which he considered retaliatory, and the Warden responded that Cook's disciplinary charge was dismissed because of the previous disciplinary. (Id., pp. 10-12, 15-17)

In her Declaration, Defendant Cook stated that she is Laundry Supervisor at the Varner Unit and is authorized to issue disciplinary charges against inmates. (Doc. No. 21-4) She wrote the disciplinary against Plaintiff because he admitted in his September 24, 2018 grievance that he set fire to his cell and burned his property. (Id., p. 2) In his deposition testimony, Plaintiff admitted

---

[1] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

that he set fire to his cell on at least three occasions, that his grievance statement that "sheets, blankets, everything was on fire," was not true, and that he wrote that because he wanted new items. (Doc. No. 21, pp. 10-11)

To support a retaliation claim against Defendant, Plaintiff must allege and prove "that he engaged in protected activity and that defendants, to retaliate for the protected activity, took adverse action against [him] that would chill a person of ordinary firmness from engaging in that activity." Lewis v. Jacks, 486 F.3d 1025, 1028 (8th Cir. 2007). However, a retaliation claim is precluded if the alleged retaliatory conduct violation was issued for the actual violation of a prison rule, by the showing of "some evidence" that the inmate actually committed a rule violation. Hartsfield v. Nichols, 511 F.3d 826, 829 (8th Cir. 2008). And, "a report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary violation, if the violation is found by an impartial decisionmaker." Id. at 831. See also Sanders v. Hobbs, 773 F.3d 186, 190 (8th Cir. 2014).

In this case, Plaintiff admitted burning his blanket in his cell on several occasions and admitted that he falsified his grievance when he stated that "my sheets blankets everything was on fire 3 times." (Doc. No. 18, p. 13) He also admitted that he received replacement items, albeit used and mildewed, and that he probably received the used items because he had set fire to property on several occasions. (Doc. No. 21-5, pp. 10-11) Cook wrote the disciplinary charge based on "some evidence," which was Plaintiff's admission in his grievance that he destroyed the property. While it is somewhat curious why Cook filed the disciplinary, having discovered through her investigation that Plaintiff was previously charged for his actions, Plaintiff provides no proof of retaliation. Cook's actions were not such that would "chill" an ordinary person from engaging in

6

future grievances, and in fact, Defendant provides proof that Plaintiff filed 127 grievances since September 18, 2018. (Doc. No. 21-6) Finally, the Court notes that Cook's disciplinary charges were dismissed as duplicative. (Doc. No. 18, pp. 15-17)

Therefore, the Court finds that Plaintiff's retaliation claim against Defendant is precluded by the evidence which existed to support the charges, that Defendant acted reasonably under the circumstances, and that no reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, establish a violation of a constitutional or statutory right.

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that Plaintiff's Motion for Summary Judgment (Doc. No. 17) be DENIED, Defendant's Motion for Summary Judgment (Doc. No. 20) be GRANTED, and Plaintiff's Complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 9th day of January, 2020.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE